Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| NELSON MENDA<br><br>Recurrido<br><br>v.<br><br>SENDER SHUB<br><br>Peticionario | TA2025CE00531 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ203CV01129<br><br>Sobre: Sentencia Declaratoria, Revocación de Laudo |

Panel especial integrado por su presidente, el Juez Candelaria Rosa[1], el Juez Salgado Schwarz y el Juez Monge Gómez.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de octubre de 2025.

Comparece el señor Sender Shub vía *certiorari* y solicita que revoquemos la *Resolución* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 17 de septiembre de 2025. En dicho dictamen, se resolvió sin lugar a una solicitud de reconsideración del peticionario y se ordenó que las partes proveyeran al señor Jim Taubenfeld, en el término de diez (10) días, tres (3) fechas disponibles para la celebración de la vista sobre recusación. Por los fundamentos que expresaremos, denegamos expedir el auto de *certiorari* solicitado.

En síntesis, el caso de epígrafe trata de una sentencia declaratoria y revocación de laudo. Según el expediente, en julio de 2018 el señor Nelson Menda y el señor Shub suscribieron un *Agreement to Terminate Partnership* y en el cual pactaron un convenio de arbitraje con el señor

---

[1] Mediante OATA-2025-187 se designó al Hon. Carlos I. Candelaria Rosa en sustitución del Hon. Félix R. Figueroa Cabán, quien desde el 6 de mayo de 2025 dejó de ejercer funciones como Juez del Tribunal de Apelaciones.

Miguel Lazoff como árbitro y a el señor Taubenfeld como potencial árbitro alterno. Posterior a varios desacuerdos entre las partes sobre la inclusión del señor Taubenfeld como árbitro alterno, el 30 de noviembre de 2022, el señor Lazoff emitió un laudo en la cual eliminó al señor Taubenfeld como árbitro alterno, ya que este tenía una relación con el señor Menda. Luego, el 6 de febrero de 2023, el señor Menda presentó una demanda y demanda enmendada para impugnar el laudo y restaurar al señor Taubenfeld como árbitro alterno, además de solicitar la recusación del señor Lazoff.

Luego del señor Shub responder a la demanda enmendada y presentar una reconvención, el Tribunal de Primera Instancia desestimó la reconvención mediante *Sentencia Parcial*, por haber sido prematura, toda vez que aún no existía un proceso de arbitraje y por tanto no se había solicitado la recusación del señor Taubenfeld ante el mismo. A razón de ello, el señor Shub recurrió ante el Tribunal de Apelaciones.

Mientras la anterior controversia se dilucidaba ante el Tribunal de Apelaciones, el 8 de enero de 2025, el señor Menda le informó al señor Shub, mediante correo electrónico, que tenía una reclamación en su contra que quería someter al proceso de arbitraje. A diferencia del proceso de arbitraje del 2022, este proceso de arbitraje trataría sobre múltiples actos en violación de los Artículos 20 y 21 del *Agreement to Terminate Partnership*, entre otras conductas de mala fe. Luego de transcurrir quince (15) días desde la notificación de esta reclamación, el señor Menda se comunicó con el señor Taubenfeld para comenzar el proceso de arbitraje.

Informado sobre la reclamación, el señor Taubenfeld ordenó a las partes reunirse con éste y que posteriormente sometieran escritos

detallados sobre los hechos alegados, lo cual incumplió el señor Shub. Más bien, el señor Shub objetó la función del señor Taubenfeld como árbitro en el nuevo proceso, a lo cual éste último respondió que la solicitud de recusación requería un análisis más profundo de las alegaciones, defensas de las partes y de los hechos de la controversia. Por tanto, el señor Taubenfeld determinó continuar con los procedimientos de arbitraje y posponer la decisión en cuanto a su recusación para otra fecha. Así las cosas, el señor Shub solicitó ante el Tribunal de Primera Instancia la recusación del señor Taubenfeld y, luego del árbitro insistir en la continuación de los procedimientos, el peticionario solicitó que el Tribunal inferior tomara medidas coercitivas.

Con esta nueva controversia ante el Tribunal de Primera Instancia, el 10 de abril de 2025, el Tribunal de Apelaciones, en el caso KLAN202500245, emitió una *Sentencia* en cuanto a la *Sentencia Parcial* del Tribunal recurrido, explicando que:

> La causa de acción incoada por el señor Shub para que se recuse al señor Taubenfeld está condicionada a que el TPI acoja los argumentos esbozados por el señor Menda en su *Demanda Enmendada*, a los efectos de que se decrete la nulidad del laudo emitido por el señor Lazoff en el año 2022. [. . .] Entiéndase, solo si el foro *a quo* concede el petitorio del señor Menda, entonces es que el Peticionario sostiene que se debe decretar la recusación del señor Taubenfeld, pues por virtud del Acuerdo este último es el árbitro alterno a quien le correspondería adjudicar las controversias habidas entre las partes contratantes si el TPI decreta la nulidad del laudo emitido por el señor Lazoff como árbitro principal fallecido y se reinician los procedimientos en arbitraje.
> Ciertamente, la causa de acción acumulada en la *Reconvención* por el señor Shub para que se recuse al señor Taubenfeld es prematura. Esto porque está predicada en un evento contingente futuro, que puede no ocurrir como se anticipa o que simplemente no ocurrirá. [...] [C]oincidimos con el Peticionario a los efectos de que era imposible para él solicitarle al señor Taubenfeld su

recusación, pues ya el señor Lazoff había emitido un laudo que fue impugnado por el señor Menda en su *Demanda Enmendada*. Es decir, al momento en que se radicó la *Demanda Enmendada*, el señor Taubenfeld no había actuado como árbitro, por lo que le era imposible al señor Shub cumplir con las disposiciones del Artículo 10 de la Ley de Arbitraje [Ley Núm. 376 de 8 de mayo de 1951 (31 LPRA ant. sec. 3210)]. No obstante, por las razones anteriormente esbozadas, dicha realidad no libera el carácter no justiciable por prematuridad de dicha causa de acción acumulada en la *Reconvención*.

. . . . . . . .

[E]n caso de que el foro de instancia entienda probadas las alegaciones contenidas en la *Demanda Enmendada* y el asunto se devuelva al árbitro alterno designado para que se diriman las controversias, el Peticionario estará en todo su derecho de solicitar la recusación del señor Taubenfeld, de conformidad con el Artículo 10 de la Ley de Arbitraje, *supra*, si es que así lo entiende necesario.

A consecuencia de esta *Sentencia*, el 15 de mayo de 2025 el Tribunal recurrido resolvió sin lugar las solicitudes del señor Shub en cuanto a la función del señor Taubenfeld como árbitro en el segundo proceso de arbitraje. Ante una solicitud de reconsideración, el 17 de septiembre de 2025, el Tribunal de Primera Instancia resolvió que, en resumidas cuentas y al amparo la *Sentencia* del Tribunal de Apelaciones, el señor Taubenfeld debe primero determinar que no se recusará del procedimiento de arbitraje, para que luego el señor Shub pueda recurrir ante el Tribunal recurrido. Por tanto, el Tribunal de Primera Instancia resolvió sin lugar la solicitud de reconsideración del peticionario y les ordenó a las partes proveerle al señor Taubenfeld, en el término de diez (10) días, tres (3) fechas disponibles para la celebración de la vista sobre recusación. Insatisfecho, el peticionario recurrió ante este Tribunal.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede

rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

Por otro lado, nuestro ordenamiento permite que dos o más partes pacten por escrito someter a arbitraje (1) cualquier controversia que pudiera ser objeto de una acción existente entre ellos; o (2) cualquier controversia futura que pudiese surgir entre ellos con relación al convenio. Art. 1 de la Ley Núm. 376 de 8 de mayo de 1951 (32 LPRA ant. sec. 3201).[2] Por ello, el arbitraje es una figura jurídica inherentemente contractual y exigible solo cuando las partes otorgantes así lo hayan pactado. *HR, Inc. v. Vissepo & Diez Constr.*, 190 DPR 597 (2014) (citando a *SLG Méndez-Acevedo v. Nieves Rivera*, 179 DPR 359 (2010)). De esta forma, las partes acuerdan limitar la jurisdicción de los tribunales sobre su persona para dar paso al proceso de arbitraje, a menos que dichas partes renuncien voluntariamente a ese derecho. Íd.

---

[2] Por el caso de epígrafe tratar de un acuerdo de arbitraje que se perfeccionó antes de la vigencia de la Ley Núm. 147-2024, utilizaremos la Ley Núm. 376 de 8 de mayo de 1951 para fundamentar nuestros argumentos.

Acto seguido, las partes de un convenio de arbitraje pueden nombrar a los árbitros que les correspondan, siempre y cuando sean personas mayores de edad que se hallen en el pleno goce de los derechos civiles, y sepan leer y escribir. Art. 6 de la Ley Núm. 376 de 8 de mayo de 1951 (32 LPRA ant. sec. 3206). En la alternativa, un tribunal podrá nombrar los árbitros cuando (1) el convenio de arbitraje no exprese la manera de nombrarlos; (2) dicho convenio exprese la manera de nombrar árbitros, pero éstos, o cualquiera de ellos, no han sido nombrados y ya ha expirado el término dentro del cual debieron haber sido nombrados; y (3) un árbitro deje de actuar o se encuentra imposibilitado de actuar, y su sucesor no ha sido debidamente nombrado. Íd., ant. sec. 3205. De ocurrir cualquiera de los referidos escenarios, el tribunal nombrará a uno (1) o tres (3) árbitros a discreción según la importancia de la controversia y cuando el convenio no contenga alguna estipulación en cuanto al número de árbitros. Íd.

Ahora bien, los contratantes podrán solicitar la recusación de los árbitros por estos, entre otras razones, (1) tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados que intervengan en el pleito o por haber prejuzgado el caso; (2) por tener interés personal o económico en el resultado del caso; (3) por existir una relación de amistad de tal naturaleza entre el árbitro y cualquiera de las partes, sus abogados, testigos u otra persona involucrada en el pleito que pueda frustrar los fines de la justicia; y (4) por haber sido abogado o asesor de cualquiera de las partes o de sus abogados en la materia en controversia. Íd., ant. sec. 3210; Regla 63.1 de Procedimiento Civil, *supra*. Tal solicitud de recusación deberá hacerse ante los árbitros y, si estos no acceden, la parte que la haya propuesto podrá repetirla ante un juez del

Tribunal de Primera Instancia. Art. 10 de la Ley Núm. 376 de 8 de mayo de 1951, *supra*. Mientras la controversia se dilucida ante el Tribunal, quedará en suspenso el juicio arbitral y continuará inmediatamente después que haya recaído orden ejecutoria sobre la recusación. Íd.

En el presente caso, no advertimos que el Tribunal de Primera Instancia haya errado o abusado de su discreción al ordenar a las partes continuar con el segundo procedimiento de arbitraje ante el señor Taubenfeld. Del expediente se desprende que en el primer procedimiento de arbitraje, que terminó con la emisión de un laudo el 30 de noviembre de 2022, el señor Taubenfeld nunca fungió como árbitro, lo cual imposibilitaba la presentación de alguna objeción o solicitud de recusación en su contra. Es a razón de ello que el Tribunal de Apelaciones, en el caso KLAN202500245, determinó que el Tribunal recurrido tenía que primero resolver ha lugar la demanda enmendada del señor Menda—es decir, revocar el Laudo del 2022 y así restaurar al señor Taubenfeld como árbitro alterno—para que luego el señor Shub tuviera la oportunidad de objetar la labor de arbitraje del señor Taubenfeld. Esto es, con la presunción de que el señor Taubenfeld comenzaría a trabajar como árbitro en el primer procedimiento por la muerte del señor Lazoff.

A diferencia del primer procedimiento de arbitraje el señor Taubenfeld comenzó a fungir como árbitro en el segundo procedimiento de arbitraje por otras alegaciones. Por ello, el señor Shub tiene la oportunidad de solicitar la recusación del señor Taubenfeld en el nuevo procedimiento y éste determinar si acepta o no dicha recusación. Por tanto, el Tribunal recurrido carece de jurisdicción para

atender una solicitud de recusación hasta tanto el señor Taubenfeld la evalúe primero.

Por los fundamentos expresados, se deniega expedir el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
